UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SANTIAGO PEREZ MANCILLA,                                          Petitioner,

v.                                                    Civil Action No. 4:26-cv-179-DJH

MARKWAYNE MULLIN, Secretary,
Department of Homeland Security et al.,                         Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Santiago Perez Mancilla, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and they have submitted briefing setting out their respective legal arguments (D.N. 6; D.N. 7).  After careful consideration, the Court will grant Perez Mancilla's petition for the reasons explained below.

**I.**

Perez Mancilla is a native and citizen of Guatemala.  (D.N. 1, PageID.5 ¶ 15; D.N. 1-1, PageID.18)  He entered the United States on or about October 23, 2023, and "applied for admission."  (D.N. 1-1, PageID.18)  Perez Mancilla was placed in removal proceedings that same day via a Notice to Appear, which designated him as an "arriving alien."  (*Id.*)  Perez Mancilla was also paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) on October 23, 2023.[1]

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

(*See* D.N. 6-2, PageID.68)  The parole automatically expired on October 21, 2024.  (*See id.*)  Perez Mancilla filed an asylum application on August 5, 2024.  (*See* D.N. 1-2, PageID.23–34)  Federal immigration authorities arrested Perez Mancilla pursuant to an administrative warrant dated February 3, 2026, and based on "the pendency of ongoing removal proceedings against [Perez Mancilla]" and "statements made voluntarily by [Perez Mancilla] . . . or other reliable evidence that affirmatively indicate[d] [he] either lacks immigration status or . . . is removable under U.S. immigration law."  (D.N. 6-3, PageID.69)  Perez Mancilla remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (*See* D.N. 1-3, PageID.46)

Perez Mancilla seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director Samuel Olson, the Department of Homeland Security Secretary, and the U.S. Attorney General.  (*See* D.N. 1, PageID.5–6 ¶¶ 16–19)  Perez Mancilla alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.  (*See id.*, PageID.12–16 ¶¶ 46–64)  Perez Mancilla asks the Court to order his immediate release or, in the alternative, a bond hearing.  (*See id.*, PageID.16)  Respondents argue that (1) Perez Mancilla must be returned to custody due to the expiration of his parole; (2) "[a]t the time of [Perez Mancilla's] arrest at the border, detention, and parole in 2023, he was an alien who arrived in the United States, and thus an applicant for admission [subject to mandatory detention] under 8 U.S.C. § 1225; (3) upon the expiration of his parole, Perez Mancilla returned to being an "arriving alien" subject to mandatory detention under § 1225; and (4) Perez Mancilla's detention does not violate the process due under § 1225.[2]  (*See* D.N. 6, PageID.58–64)

---

[2] Respondents do not contest that the Court has jurisdiction to review Perez Mancilla's petition (*see generally* D.N. 6).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[Twenty-eight U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*,

## II.

### A.    Immigration and Nationality Act

Perez Mancilla asserts that he is improperly detained under 8 U.S.C. § 1225(b) and that § 1226(a) instead governs his detention and entitles him to a bond hearing.  (*See* D.N. 1, PageID.12–13 ¶¶ 46–52)  Respondents argue that § 1225(b)(2)(A) authorizes Perez Mancilla's detention on the grounds that he became an arriving alien upon the expiration of his parole and that he is an applicant for admission subject to mandatory detention in any event.  (*See* D.N. 6, PageID.62–64)

The Court previously addressed nearly identical arguments for a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the petitioner was designated as an arriving alien; he was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired.  *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he (1) was not automatically returned to mandatory detention; (2) remained an applicant for admission; and (3) was no longer an arriving alien.  *See id.* at *2–3.  The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because although he was an applicant for admission, he was not "seeking admission" as that provision requires.  *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States.  *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)).  The Court concluded that § 1226(a) applied to the petitioner's detention because that

---

542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Perez Mancilla must exhaust administrative remedies. (*See generally* D.N. 6)  Therefore, the Court will not address these issues.

provision "generally governs the process of arresting and detaining [noncitizens] once inside the United States." *Id.* at \*2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at \*4 (N.D. Ohio Oct. 20, 2025)).

Likewise, Perez Mancilla was arrested in the United States after being designated as an arriving alien and having overstayed his parole. (*See* D.N. 1-1, PageID.18; D.N. 6-2, PageID.68) Like the petitioner in *Quintero*, Perez Mancilla is no longer an arriving alien. *See* 2026 WL 596643 at \*3. And although Perez Mancilla is an applicant for admission because he has not been admitted to the United States (*see* D.N. 1-1, PageID.18; D.N. 6-2, PageID.68; D.N. 6-3, PageID.69), he is not seeking admission because immigration authorities arrested him in the United States after his parole expired. (*See* D.N. 6-2, PageID.68; D.N. 6-3, PageID.69) Therefore, § 1225(b)(2)(A) does not authorize Perez Mancilla's detention. *Quintero*, 2026 WL 596643, at \*3. Instead, Perez Mancilla is detained under § 1226(a) and is thus entitled to a bond hearing. *See id.*; *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at \*5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at \*3; *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at \*8 (W.D. Ky. Nov. 4, 2025).

**B.      Due Process**

Perez Mancilla asserts that his detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.14–15 ¶¶ 53–58) Respondents argue that Perez Mancilla is due only the process given for noncitizens "as if stopped at the border" and is thus not entitled to a bond hearing. (D.N. 6, PageID.60) Because the Court concludes that Perez Mancilla is detained under § 1226(a), the Court will consider what process is due under that provision.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457

4

U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Perez Mancilla "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Perez Mancilla] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025); *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 808 F. Supp. 3d at 493. Thus, because all three *Mathews* factors weigh in Perez Mancilla's favor, the Court concludes that his detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

5

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Perez Mancilla's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Perez Mancilla, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **April 24, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

April 22, 2026

David J. Hale, Chief Judge
United States District Court

6